## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ROBERT AUSTIN,**

        **Plaintiff,**

                      **Case No. 2:14-cv-726**
  **v.**                        **Judge Frost**
                            **Magistrate Judge King**

**PICKAWAY CORRECTIONAL**
**INSTITUTION,** *et al.***,**

        **Defendants.**

### ORDER and REPORT AND RECOMMENDATION

    Plaintiff, a state prisoner, brings this civil action against the Pickaway Correctional Institution ("PCI"), the Director of the Ohio Department of Rehabilitation and Correction and a number of other state officials and employees, alleging that he has been denied medical care.  Plaintiff asserts claims under 42 U.S.C. § 1983 and state law claims of medical malpractice. *Complaint*, ECF 1.  This matter is before the Court for the initial screen of the *Complaint* required by 28 U.S.C. § 1915A.

    Defendant PCI, a state agency, is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution.  *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities").  Moreover, a state

1

agency is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989).

The *Complaint* does not specify in what capacity the individual defendants are named. However, claims for damages asserted against state employees in their official capacities cannot proceed in a federal court because such claims are deemed to be claims against the State. *Will*, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983").

Finally, plaintiff's supplemental state law claims of medical malpractice cannot proceed in this Court unless and until the Ohio Court of Claims has determined that the state officials and employees are not entitled to civil immunity under O.R.C. § 9.86. *See* O.R.C. § 2743.02(F); *Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir. 1989)(state employees enjoy immunity from suit in a claim under Ohio law); *Johns v. University of Cincinnati Med. Assocs.,* 804 N.E.2d 19, 24 (Ohio 2004).

It is therefore **ORDERED** that plaintiff's claims under the Eighth and Fourteenth Amendments for denial of medical care by the individual defendants may at this juncture proceed.

It is **RECOMMENDED** that all claims against defendant Pickaway Correctional Institution, claims for money damages against the individual defendants in their official capacity and state law claims for medical malpractice be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                                 s/ Norah McCann King
                                                 Norah McCann King
                                                 United States Magistrate Judge

July 3, 2014