**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBERT AUSTIN,**

       **Plaintiff,**                      **Case No. 2:14-cv-726**
                                            **JUDGE GREGORY L. FROST**
      **v.**                             **Magistrate Judge Norah McCann King**

**PICKAWAY CORRECTIONAL
INSTITUTION, et al.,**

       **Defendant.**

## <u>OPINION AND ORDER</u>

This matter is before the Court for consideration of the Magistrate Judge's July 3, 2014

Order and Report and Recommendation (ECF No. 5), Plaintiff's objections (ECF No. 10),

Defendants' response  (ECF No. 12), and Plaintiff's reply memorandum (ECF No. 14).  For the

reasons that follow, the Court **OVERRULES** Plaintiff's objections (ECF No. 10) and **ADOPTS**

and **AFFIRMS** the Order and Report and Recommendation (ECF No. 5).

### I.      Background

Plaintiff, Robert Austin, is an inmate at the Pickaway Correctional Institution.  On July 2,

2014, he filed a complaint against that institution and various state officials and employees,

claiming that he has been denied medical care.  (ECF No. 1.)  In a July 3, 2014 Order and Report

and Recommendation, the Magistrate Judge conducted an initial screen of Plaintiff's complaint

pursuant to 28 U.S.C. § 1915A.   (ECF No. 5.)  The Magistrate Judge recommended that the

Court permit Plaintiff's 42 U.S.C. § 1983 claims against individual defendants for denial of

medical care to proceed but dismiss all claims against Defendant Pickaway Correctional

Institution and all claims for money damages against the individual defendants in their individual

capacities, as well as state law claims for medical malpractice.  (*Id.* at Page ID # 38.)  Plaintiff

has filed objections to the Magistrate Judge's recommendations.  (ECF No. 10.)

## II.    Discussion

### A.  Standard Involved

When a party objects within the allotted time to a report and recommendation, the Court

"shall make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed.

R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

### B.  Analysis

As a threshold matter, this Court must first address whether the Court should properly

consider Plaintiff's reply memorandum.  The Magistrate Judge's Order and Report and

Recommendation discussed the filing of objections and of responses to objections, but it did not

provide for the filing of reply memoranda.  (ECF No. 5, at Page ID # 38-39.)  The relevant

general order governing objection briefing in the Eastern Division of this District similarly

provides for the filing of objections and responses.  That order also provides, however, that "[n]o

reply shall be filed without leave of court."  *In re Eastern Division United States Magistrate

Judges*, Gen. Order No. COL: 14-01, at 4.  Thus, because neither the relevant general order nor

the Magistrate Judge's order provided for the filing of a reply memorandum, and because

Plaintiff failed to obtain leave to do so, Plaintiff's filing of such a memorandum was

impermissible.  The Court declines to consider the reply memorandum.  (ECF No. 14.)

In his objections, Plaintiff first argues (without citation to any authority) that the Magistrate Judge erred in conducting an initial screen of his complaint pursuant to 28 U.S.C. § 1915A because that statute applies only to *pro se* and *in forma pauperis* cases and not where, as here, a prisoner has counsel.  This Court disagrees.  *See Randolph v. Campbell*, 25 F. App'x 261, 263 (6th Cir. 2001) ("The screening procedures established by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding in forma pauperis.").  Plaintiff is perhaps partially conflating the screening done here with screening under 28 U.S.C. § 1915(e)(2), but nothing in § 1915A predicates screening of the complaint on whether a prisoner is represented by counsel or whether the prisoner has paid the filing fee.  Rather, § 1915A applies where, as here, a prisoner is seeking redress from a government employee.  *Brown v. Bargery*, 207 F.3d 863, 866 n.3 (6th Cir. 2000).  *See also Thomas v. Campbell*, 12 F. App'x 295, 297 (6th Cir. 2001) ("Under 28 U.S.C. § 1915A, a district court is required to screen all civil cases brought by prisoners to determine if the complaint is frivolous.").  The Court therefore rejects Plaintiff's first objection.

Plaintiff's next objection is that the Magistrate Judge erred in recommending that the Court should dismiss Plaintiff's claim for prospective injunctive relief against Defendant Pickaway Correctional Institution and the individual defendants sued in their official and individual capacities.  Plaintiff explains that although the Order and Report and Recommendation did not specifically address his claim for injunctive relief, it did nonetheless recommend that "all claims against defendant Pickaway Correctional Institution . . . be dismissed."  (ECF No. 5, at Page ID # 38.)  Plaintiff also asserts that, to the extent that the Order and Report and Recommendation recommended dismissal of Plaintiff's claims for injunctive relief against the individual defendants, such a recommendation was improper.

The complaint unquestionably presents the issue of prospective injunctive relief. Plaintiff's second claim for relief is for injunctive relief and requests the Court order that he receive medical care in the future. (ECF No. 1 ¶¶ 75-80.) Plaintiff also pleads in his prayer for relief for "[p]rovision of all adequate and necessary medical care for [his] medical conditions, ailments and infirmities." (ECF No. 1, at Page ID # 15.) This is prospective relief.

This Court does not fully agree with Plaintiff's reading of the Order and Report and Recommendation. The Court agrees that the Magistrate Judge's use of "all" in referencing the claims against Defendant Pickaway Correctional Institution does encompass the injunctive relief component against the institution, but the Court disagrees that is an incorrect recommendation. As the Magistrate Judge correctly explained, the claim against the subdivision of a state agency fails under Eleventh Amendment immunity.

The Court also disagrees with Plaintiff that it is unclear whether the Magistrate Judge recommended dismissal of the injunctive relief component in regard to the individual defendants. The Magistrate Judge's specific reference to official capacity claims for monetary damages in regard to the individual defendants indicates that the non-monetary damages component, the injunctive relief component, falls outside the dismissal recommendation. This Court reads the Order and Report and Recommendation to state that Plaintiff's claims for prospective injunctive relief against the individual defendants can proceed. *See Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011); *Evans v. Vinson*, 427 F. App'x 437, 441-42 (6th Cir. 2011).

### III. Conclusion

For the foregoing reasons, this Court **OVERRULES** Plaintiff's objections (ECF No. 10) and **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation (ECF No. 5). The Court **DISMISSES** all claims against Defendant Pickaway Correctional Institution, the claims

4

for money damages against the individual defendants in their official capacities, and the state law claims for medical malpractice.  Plaintiff's claims under the Eighth and Fourteenth Amendments for denial of medical care by the individual defendants may proceed, which include the prospective relief component of the case.

**IT IS SO ORDERED**.

   /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE